were given for the denial of the conscientious objector claim prior to the final notice of induction. Furthermore, we cannot see a basis in fact for denying the I–O claim that Ward presented.

Upon remand, the indictment will be dismissed.

Reversed, with directions.

**UNITED STATES of America, Appellee,**

v.

**Gregory John WARD, Appellant.**

**No. 26667.**

United States Court of Appeals, Ninth Circuit.

Aug. 18, 1971.

Frank H. Retman (argued), of Mac-Donald, Hoague & Bayless, Seattle, Wash., for appellant.

Susan L. Barnes (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before JERTBERG, ELY, and KILKENNY, Circuit Judges.

PER CURIAM:

Ward appeals his conviction for failing to submit to induction into the Armed Forces, in violation of 50 U.S.C. App. § 462. We reverse.

In its brief the Government admits that Ward's SSS Form 150 stated a prima facie claim for a conscientious objection (I–O) classification and that the State Selective Service Director ordered the local board to reopen Ward's classification. *See* 32 C.F.R. § 1625.3. There was never a reopening, and no reasons

**Temple PYLE, Jr., Trustee in Bankruptcy of Javelin Oil Co., Inc., Plaintiff-Appellant,**

v.

**BANK OF NEW YORK, formerly named Empire Company, Defendant-Appellee.**

**No. 71–1313.**

United States Court of Appeals, Fifth Circuit.

Sept. 7, 1971.

Robert E. Eatman, Henley A. Hunter, Shreveport, La., for plaintiff-appellant.

Blanchard, Walker, O'Quin & Roberts, Neilson S. Jacobs, Shreveport, La., for defendant-appellee.

Before COLEMAN, SIMPSON, and RONEY, Circuit Judges.

PER CURIAM:

The plaintiff-appellant sought to subject the defendant, a New York Bank, to the personal jurisdiction of a Louisiana Court under the Louisiana "Long Arm" statute, La.R.S. 13:3201. By the terms of that statute jurisdiction would attach only if a defendant, directly or by agent, transacts business in Louisiana or has an interest in, or uses, or possesses a "real right" or immovable property within the State.

In a diversity action, the District Court, sitting as "another court of Louisiana", held that it had no in personam jurisdiction over the Bank under either of the foregoing specifications. In our opinion the undisputed facts permitted no other result.

The judgment of the District Court is Affirmed.